1  ZACHARY CROSNER (SBN 272295)
2  zach@crosnerlegal.com
   MICHAEL CROSNER (SBN 41299)
3  mike@crosnerlegal.com
   CROSNER LEGAL, PC
4  433 N. Camden Blvd., Suite 400
5  Beverly Hills, California 90210
   Telephone: (310) 496-5818
6  Facsimile: (310) 510-6429
7
8  Attorneys for Plaintiff ERIC NOWAKOWSKI
9

10              UNITED STATES DISTRICT COURT
11            CENTRAL DISTRICT OF CALIFORNIA
12                   WESTERN DIVISION
13

14  ERIC NOWAKOWSKI, as an individual        ) CASE NO. CV-17-02475 TJH (SHKx)
15  and on behalf of all others similarly     )
    situated,                                 )
16                                            ) **ORDER GRANTING FINAL**
    Plaintiff,                                ) **APPROVAL OF CLASS ACTION**
17                                            ) **SETTLEMENT AND MOTION**
    v.                                        ) **FOR ATTORNEY'S FEES AND**
18                                            ) **COSTS [39, 40]**
    CEMEX, INC., a Louisiana corporation;     )
19  CEMEX CONSTRUCTION MATERIALS )
    PACIFIC, LLC, a Delaware limited          )
20  liability company; and DOES 1 through 50, ) Date:  December 16, 2019
    inclusive,                                ) Time:  10:00 a.m.
21                                            ) Crtm: 9B
    Defendants.                               )
22                                            )
23  _____       Hon. Terry J. Hatter, Jr.

24        The following matters came regularly as scheduled for hearing on December 16, 2019:
25  (1) Plaintiff's Motion for Final Approval of Class Action Settlement (Docket No. 39); and
26  (2) Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 40). Both Motions are
27  unopposed. Upon consideration of the Motions, the evidence filed in support thereof, the
28

Court's entire file herein, and the arguments of counsel at the hearing, the Court now finds and orders as follows:

1.   For purposes of this Order, the Court adopts all defined terms as set forth in the Joint Stipulation of Class Action Settlement and Release, as amended (Exhibits B and C to the Declaration of Zachary M. Crosner (Docket No. 32-1); hereafter the "Amended Joint Stipulation");

2.   This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members to this litigation;

3.   The Court finds the "Notice of Class Action Settlement" was duly mailed to the members of the Class as required by the Amended Joint Stipulation. These steps to notify the Class about the Settlement constituted the best notice practicable under the circumstances and fully met the requirements of due process;

4.   The Court finds that no member of the Class has objected to the Settlement or to the proposed awards of attorney's fees, costs or the representative enhancement;

5.   The Court finds that the Settlement was the product of good faith, arm's-length negotiations between experienced counsel, facilitated by a well respected mediator. After considering the Defendant's potential exposure, the likelihood of success on the class claims, the risk, expense, complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Class Counsel, and the reaction of the Class to the Settlement (see Hanlon v. Chrysler Corporation, 150 F.3d 1011, 1026 (9th Cir. 1998)), the Court finds that the Settlement is fair, reasonable and adequate, and in the best interests of the Class, and hereby GRANTS final approval of the Settlement. The parties are ordered to carry out the Settlement as provided for in the Amended Joint Stipulation;

6.   In addition, the request for an enhancement payment of $5,000.00 to Plaintiff and Class Representative Eric Nowakowski is granted. The Court finds that the enhancement payment is reasonable in light of the services he performed, the benefit he helped secure for the Class, and the risks he undertook in bringing the litigation. The Court further

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLAS ACTION SETTLEMNT AND MOTION FOR ATTORNEY'S FEES AND COSTS                                                                                  CV-17-02475 TJH

approves payment of $4,500.00 to the Settlement Administrator, Simpluris, Inc., for services rendered and to be rendered in administering the Settlement. The Court further approves payment of $11,250.00 to the California Labor and Workforce Development Agency for its share of civil penalties under the Private Attorneys General Act, Cal. Labor Code sections 2698, et seq.;

7.    Concurrently with the motion for final approval of the Settlement, Plaintiff has moved for attorney's fees equal to 25% of the total settlement fund, or $84,479.50, plus litigation costs in the amount of $15,000.00. That motion is GRANTED. The Court finds Class Counsel has skillfully advanced the litigation in the face of uncertain legal authority and disputed factual issues on a contingent basis, and Class Counsel's efforts resulted in a substantial payment to the Class. The Court has carefully considered the results achieved by Class Counsel, the risks of litigation, the skill required and the quality of the work, the contingent nature of the fee, the timeliness of the Settlement, and awards made in similar cases. Additionally, the Court notes the "bench mark" fee in the Ninth Circuit in class actions is 25%. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d268, 272 (9th Cir. 1989). The Court finds further that Class Counsel's expenses were reasonably incurred in prosecuting the case

8.    The Court will retain jurisdiction for purposes of enforcing this Settlement, addressing Settlement administration matters, and addressing such postjudgment matters as may be appropriate under court rules or applicable law.

9.    Plaintiff is ordered to submit a [Proposed] Judgment within 5 court days of this Order.

IT IS SO ORDERED.

Dated: January 8, 2020

_HON. TERRY J. HATTER, JR.,
United States District Judge

CC: FISCAL

2

PROOF OF SERVICE
ERIC NOWAKOWSKI VS. CEMEX, INC.
Case No. 5:17-cv-02475-TJH-SHK

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 433 N. Camden Dr., Ste. 400, Beverly Hills, CA 90210.

On December 11, 2019, I served true copies of the following document(s) described as

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEY'S FEES AND COSTS**

on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

☒    BY ELECTRONIC TRANSMISSION. I transmitted copies of the above-referenced document(s) on the interested parties in this action by electronic transmission. Said electronic transmission was reported as complete and without error.

☐    BY FACSIMILE TRANSMISSION. I transmitted copies of the above-referenced document(s) on the interested parties in this action by facsimile transmission from (310) 510-6429. A transmission report was properly issued by the transmitting facsimile machine and the transmission was reported as complete and without error.

☐    BY UNITED STATES POSTAL SERVICE.  I enclosed the documents in electronic pdf format and submitted them electronically into the mail provider, Letterstream, Inc.'s, online mail portal (letterstream.com) to be mailed addressed to the entities and/or persons listed in the Service List as set forth herein. I caused an envelope containing the documents to be placed for collection and mailing and to be mailed by First Class Mail, following our law firm and Letterstream, Inc.'s ordinary business practices. I am readily familiar with our business practices and the business practices of Letterstream, Inc. for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. Pursuant to that practice, the above-referenced document(s) were sealed in an envelope, with postage paid, and deposited with a a post office, mail box, sub-post office, substation, mail chute, or other facility or postal pick up/drop off regularly maintained by the United States Postal Service or an affiliate thereof, at or near Phoenix, Arizona.

☐    BY OVERNIGHT MAIL SERVICE. I enclosed the documents in electronic pdf format and submitted them electronically into the mail provider, Letterstream, Inc.'s, online mail portal (letterstream.com) addressed to the entities and/or persons listed in the Service List as set forth herein. I caused an envelope containing the documents to be placed for collection and mailing and to be mailed by Overnight Mail via Federal Express, following our law firm and Letterstream, Inc.'s ordinary business practices. I am readily familiar with our business practices and the business practices of Letterstream, Inc. for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary

**PROOF OF SERVICE**

1

course of business with Federal Express, an express carrier, in Phoenix, Arizona, or delivered with any and all delivery fees to an authorized courier or driver authorized by the express service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 11, 2019, at Los Angeles, California.

Maria Monterrey

**PROOF OF SERVICE**

2

SERVICE LIST
*ERIC NOWAKOWSKI VS. CEMEX, INC.*
*Case No. 5:17-cv-02475-TJH-SHK*

HANSON BRIDGETT LLP
DOROTHY S. LIU
EMILY JANE LEAHY
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
ELeahy@hansonbridgett.com
dliu@hansonbridgett.com

Attorneys for Defendants
CEMEX, INC.And
CEMEX CONSTRUCTION
MATERIALS PACIFIC, LLC

**PROOF OF SERVICE**

3